Carolyn D. Phillips #103045
Attorney at Law
P.O. Box 5622
Fresno, California 93755-5622
559/248-9833

Attorney for SERGIO PATRICK RODRIGUEZ

# IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 01:13-cr-00109 LJO |
| Plaintiff, | **DEFENDANT RODRIGUEZ' FORMAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND ADDENDUM** |
| vs. | |
| SERGIO PATRICK RODRIGUEZ, | |
| Defendant. | Date:   September 28, 2015<br>Time:   10:00 a.m.<br>Crtrm:  4<br>Hon. Lawrence J. O'Neill |

## CASE STATUS

Defendant Sergio Patrick Rodriguez returns to this Court on remand for resentencing for a 18 U.S.C. §39A conviction, after the Ninth Circuit Court of Appeals entered a judgment of acquittal for the §32(a)(5), (a)(8) conviction, and vacated the fourteen-year sentence.

The Ninth Circuit Court of Appeals reversed Rodriguez's conviction for violation of attempt and aiding and abetting to interfere with safe operation of aircraft, Fresno Police Department helicopter, Air-1 in violation of 18 U.S.C. §§32(a)(5), (a)(8) and §2 as the conviction lacked the required proof of "willful attempt to interfere with an aircraft, *United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

1

and proof of a reckless disregard for human life." *United States v. Rodriguez*, 790 F.3d 951, 953-54 (9th Cir.2015)(emphasis added).

The Court held that the government had failed to prove both the subjective and objective component necessary to establish reckless disregard for human safety; there was no evidence Rodriguez knew that the laser had the ability to blind or distract a pilot enough to cause a crash, and there no evidence that he deliberately disregarded that risk. *Ibid*. Rodriguez's admission that he intentionally aimed the laser at the helicopter did not establish that he was aware that if he hit the helicopter with the light as intended, he could blind or distract the pilot, nor could Rodriguez's knowledge that he had struck the helicopter with the beam prove that he understood the consequences of the act. Further, the warning label on the laser against pointing a laser directly at someone's eyes, did not prove that Rodriguez knew that a laser beam could be distracting to pilots over a quarter-mile away flying 500 feet above ground. *Ibid*., 959.

The Court concluded that Rodriguez's case presented a "perfect example" of a situation contemplated by Congress in the enactment of §39A, use of a laser without an intention of trying to take the aircraft down and without an understanding of the dangers lasers posed to aircraft. Without evidence of recklessness for purposes of §32(a)(5) or for an enhancement under U.S.S.G. §2A5.2(a)(2), both the conviction and sentencing were reversed.

Pursuant to U.S.S.G. § 2.5.1(a)(4), the base offense level for a violation of §39A is 9.

### OBJECTIONS TO PRESENTENCE REPORT ADDENDUM

The Addendum filed by Probation September 17, 2015, (Doc. 223), incorporates portions of the original PSR filed February 24, 2014, (Doc. 146). At that time defense counsel Mr. Blickenstaff submitted written objections to this report which may be

referred to and reiterated here.  Docs. 148.

**Objection to reworded ¶4, Pages 1-2, of Addendum:**

At the behest of the government's request this paragraph was changed to the following:

"However, evidence does not support that he was willfully attempting to interfere with the pilot or the safe flight of the helicopter."

While this is a true statement from the Ninth Circuit's Opinion it is not accurate as it is incomplete.  The sentence should read:

"However, evidence does not support that he was willfully attempting to interfere with the pilot or the safe flight of the helicopter, nor that he acted in reckless disregard of human safety per 18 U.S.C. §32(a)(5) and U.S.S.G. § 2.52(a)(2)."  Please see *United States v. Rodriguez, supra*, 790 F.3d at 960.

**Offense Level Computations** (page 2):

Defendant Rodriguez agrees that the base offense level for violation of 18 U.S.C. §39A is 9, as there is absolutely no evidence that Rodriguez used the laser with the intention of endangering the helicopter to increase the offense level under §2A5.2(a)(1). An increase under §2A5.2(a)(2) for reckless endangerment is not appropriate as there was no evidence that he used the laser knowing the possible consequences.  Please see *United States v. Rodriguez, supra*, at 959-960; citing *United States v. Gardenhire*, 784 F.3d 1277, 1280 (9th Cir.2015), "a finding of recklessness for purposes of the §2A5.2(a)(2) enhancement, like a finding of recklessness for purposes of §32(a)(5), requires proof that the defendant is 'aware of the risk created by his conduct.'"

Therefore the offense level is 9 pursuant to USSG §2A5.2(a)(4).

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

**Acceptance of Responsibility**:

Defendant Rodriguez objects to Probation's recommendation not to recommend a 2-level reduction pursuant to USSG §3E1.1(a) for clearly demonstrating acceptance of responsibility for the offense, violation of 18 U.S.C. §39A. This reduction is appropriate as Rodriguez admitted from the time of his arrest through to his sentencing and appeal that he pointed the laser at the helicopter: he told the police officers that arrested him]; he told Federal Special Agents Johnston and Pottratz; during trial he did not raise a Rule 29 challenge to the §39A charge, at the March 10, 2014 sentencing hearing Rodriguez told the Court he took responsibility for shining the laser; and he did not appeal his conviction for violation of §39A. *See United States v. Rodriguez, supra*, 790 F.3d at 958, "Rodriguez does not dispute that the government adduced sufficient evidence that he intentionally pointed the laser at Air-1. Indeed, he admitted as much to both Officer Cleaver and Special Agent Johnston and he does not appeal his §39A conviction."

Rodriguez has been acquitted of all other charges against him, three at trial and one on appeal. Given the fact the government chose to prosecute him for the more serious violations, even when there was no evidence of intentional, willful or reckless conduct, Rodriguez had no choice but to go to trial. He should not be automatically barred from receiving a reduced sentence for accepting responsibility as he has admitted the A-1 §39A violation even before these charges were filed against him. See *United States v. Gillam*, 167 F.3d 1273, 1280 (9th Cir.1999)("[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial"); *United States v. Ing*, 70 F.3d 553, 556 (9th Cir.1995).

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

4

Pursuant to 3E1.1, Rodriguez's early acceptance of responsibility for shining his laser at A-1 in violation of §39A makes a two-point reduction an appropriate adjustment to the offense level. The adjusted offense level would be 7.

**SENTENCING MEMORANDUM**

Title 18 U.S.C. §3553(a), requires a sentencing court to impose a sentence that is reasonable. The factors to be considered include the following:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

On the night of the arrest for this §39A charge, Rodriguez and his family had been outside, his young daughters played with the hand held laser their mother had purchased for them. After the girls went to bed Rodriguez and his wife Jennifer Coleman used the laser shining it into the sky. Rodriguez shone the light at a helicopter and it was this act that resulted in his arrest.

Rodriguez has admitted that he shone the light at the helicopter to see how far it would reach. As recognized by the appellate court Rodriguez was a "knucklehead" having no intention of harming anyone, not knowing how a laser might create a danger to the safety of an aircraft.

The court has examined Rodriguez's relationship with co-defendant Coleman as an abusive one, and Rodriguez identified by the court as a manipulator. However, the dysfunction in this relationship is not one-sided, Coleman's disorders and predilections existed long before she and Rodriguez became husband and wife. While the relationship is a dysfunctional one the source for its dysfunction is not entirely the responsibility of Rodriguez he has his own demons. As in the majority of such relationships both the wife and the husband are in need of mental health therapy.

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

However, there is not evidence Rodriguez controlled Coleman the evening they shone the lasers by forcing her to shine the laser into the sky. Each of them claimed to have been the person responsible for shining the laser at the helicopter

Rodriguez loves his family, his wife and his children. Being incarcerated and away from them has been a great heartache for him. Without a wife and children to return to, Rodriguez plans to live with his mother, her husband, Rodriguez's younger brother and sister, and to work at Wawona Frozen Products.

When Sergio Rodriguez was in his mid-teens he was attacked by a pit bull. The animal was so ferocious that it ripped out a section of Rodriguez's cheek exposing his teeth. The doctors who treated Rodriguez for his injuries recommended that he attend therapy to process the trauma, however Rodriguez did not pursue this assistance. It was this traumatic event that Rodriguez's mother recalls as being the beginning of his use and abuse of alcohol, depression, and negative contacts with law enforcement. He also suffered from lupus which is both debilitating and painful. Despite these challenges Rodriguez was able to obtain his G.E.D, however his ongoing addiction to alcohol has been one of the main factors in his criminal history: four DUI's and a felony burglary conviction committed while drunk.

2.  The Sentence is To Reflect The Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.

A sentence for time served or 30 months imprisonment for a violation of §39A reflects the seriousness of the offense. It is a sufficiently harsh but just punishment under these facts.

3.  The Sentence is to Reflect Adequate Deterrence to Criminal Conduct

A sentence of incarceration for time served, or 30 months, sends a message that handheld lasers must be controlled to prevent high wattage lasers from entering the

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

6

country, on-line sales regulated to prevent purchases without verification that the laser meets regulatory limits on wattage and clearly marked warnings regarding the dangers of shining a laser at a moving vehicle or an airplane.

4.   A Sentence to Protect the Public from Further Crimes of the Defendant

As recommended by probation Rodriguez needs alcohol treatment, and mental health therapy.  These services would provide Rodriguez with the skills to modify his behavior and make better choices.

5.   The Sentence To Provide Needed Education or Vocational Training, Medical Care, or Other Correctional Treatment in a Most Effective Manner

The terms of thirty-six month supervised release outlined in the PSR Addendum identify the areas Rodriguez needs assistance, alcohol programs and mental health therapy.  Further education or vocational training would also assist Rodriguez to make positive changes in his life.

6.   The Kinds of Sentence Available

Probation is an alternative to incarceration, however Rodriguez has already served 30 months of prison time. Allowing Rodriguez to return to the community under the terms of supervision outlined in the Addendum will provide Rodriguez with the support and opportunity to become a constructive member of society.

7.   The Kinds of Sentence and the Sentencing Range Set Forth in the Guideline

The Base Level of 9 and Criminal History of VI provides a range of 21-27 months. Rodriguez has already served 30 months of incarceration. He should be sentenced to the time he has already served, it is a reasonable sentence.

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

8. The Policy Statements Set Forth in the Guidelines

The 30-month period of incarceration already served by Rodriguez followed by 36-months of supervised release will fulfill the policies set forth in the guidelines.  No policy statements would preclude such a sentence.

9. The Need to Avoid Any Unwarranted Sentencing Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

Rodriguez's thirty-month custody sentence with an additional 36 months of supervised release, for a violation of §39A falls within the range of other defendants similarly situated.  As noted in the matter of Kendra Christine Snow and Jared James Dooley, 1:08-cr-0008-002 LJO, a conviction for a violation of §§32(a)(8) and 2, resulted in a 18-month sentence for Snow who had a criminal history Category of IV.  Dooley was sentenced to 24 months imprisonment with an offense level of 15 and a criminal history Category of III.

Co-defendant Coleman was sentenced May 12, 2014 to 24 months of prison, 36 months of supervised release, a special assessment of $100, fine waived, and the forfeiture of the laser pointer; then resentenced May 18, 2015 to five years supervised release.

**CONCLUSION**

In conclusion, and for the above-stated reasons, a reasonable sentence of incarceration is reflected in a sentence of 30 months, or time served, followed by 36-months of supervised release.

Dated:    September 21, 2015                    Respectfully submitted,

/s/ Carolyn D. Phillips
Attorney for Defendant
SERGIO PATRICK RODRIGUEZ

*United States v. Sergio Patrick Rodriguez*, Case No. 1:13-cr-109 LJO

8